UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH W. SPEED                                                             PETITIONER

V.                                              CIVIL ACTION NO. 3:24-CV-571-KHJ-MTP

WARDEN CHILDRESS                                                          RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes.
For the reasons stated, the Court dismisses this case without prejudice.

Pro se Petitioner Joseph W. Speed—incarcerated by the Bureau of Prisons—
initiated this action on September 23, 2024. Pet. [1]. On February 27, 2025, the
Court ordered him to respond to certain inquiries concerning the [1] Petition by
March 13. Order Requiring Pet'r to Respond [4]. Having received no response, on
March 27, the Court ordered Speed to show cause why the Court should not dismiss
the case for failure to comply with a Court Order. Order to Show Cause [6]. Because
Speed still did not respond, the Court entered a [8] Second Order to Show Cause,
giving him one more chance to comply. [8] at 1.[1] The response was due by May 8. *Id.*
Speed still did not respond.

The Court has the authority to dismiss an action for a petitioner's failure to
prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b)

---

[1] All [4, 6, 8] Orders were mailed to Speed's address of record but were returned as
undeliverable.

and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Speed multiple chances to comply. He has not responded, provided a change of address, or otherwise contacted the Court. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to obey Court Orders.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Speed at his address of record.

SO ORDERED, this 27th day of May, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

2